IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JEREME J LATTIMER,

    Petitioner,

v.                                                      CASE NO. 1:20-cv-243-AW-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his Alachua County conviction for attempted sexual battery on a child under 12 years of age, based on his *nolo contendere* plea. ECF No. 1. The Respondent has filed a motion to dismiss the Petition as unexhausted and procedurally defaulted, together with relevant portions of the state-court record. ECF No. 6. Although afforded an opportunity to do so, Petitioner has not filed a reply. Upon due consideration of the Petition, the motion to dismiss, and the state-court record, it is respectfully recommended that the motion to dismiss be granted.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

## I. State Court Procedural History

The procedural history of Petitioner's case may be summarized as follows. On August 14, 2018, Petitioner was charged by information with two counts of sexual battery on a child under 12 by a person 18 or older. ECF No. 6-1 at 41-42. On January 31, 2019, Petitioner executed a petition to enter a plea of guilty/*nolo contendere* to the lesser-included offense of one count of attempted sexual battery on a child under 12, in exchange for a sentence of 20 years of imprisonment followed by 10 years of sex offender probation. *Id.* at 43-49.

During Petitioner's plea colloquy, Petitioner affirmed under oath that he understood he was pleading to a first-degree felony that carried a potential 30-year sentence. Petitioner affirmed that he understood he was waiving his rights to go to trial, to testify, and to cross-examine his accusers. Petitioner affirmed that he understood he was waiving his right to appeal. He testified that no one had promised him anything in exchange for his plea, other than what was contained in the plea petition, and that he wanted to resolve his case under the terms set forth in the plea agreement. Petitioner acknowledged as part of the plea agreement that there was a sworn complaint involving a second victim that the State would not pursue. Petitioner testified that he was pleading guilty of his own free will. *Id.* at 55-59.

Petitioner's appointed counsel questioned Petitioner about a psychological evaluation that had been conducted prior to the plea. Counsel stated that "the opinion of the evaluator was that you are competent to proceed, that you understand what's going on here." However, when counsel asked Petitioner whether he felt he was competent to proceed, Petitioner initially responded "no". *Id.* at 59.

The court then conducted a colloquy with Petitioner regarding his competency.  Petitioner stated that he had been in a mental institution since he was 12, but then testified that he had been released five years earlier, prior to the charged offenses.  *Id.* at 60-61. Under the court's questioning, Petitioner described his relationship with the victim as his "dad's girlfriend's son's stepson".  He admitted that he understood he was charged with "having the child have oral sex" with him.  Petitioner admitted he understood the facts of the case, which were that the child's mother entered a bathroom and observed Petitioner in the act of assaulting the child.  Petitioner was aware that the child had given testimony about the incident.  Petitioner affirmed that he knew the act was wrong, and that he was charged with two offenses involving that victim as well as a sworn complaint involving a second victim, which could have subjected him to three life sentences.  *Id.* at 60-62. The court stated: "You understand that the evidence against you at least appears to be compelling.  And have you

discussed the evidence with your attorney?" Petitioner responded: "I believe so. Yes." *Id.* at 63.

The court reviewed the competency evaluation and asked Petitioner about it. Petitioner remembered speaking with the evaluator, Dr. Harry Krop, and understood Dr. Krop's finding that Petitioner was "clearly competent to proceed". Petitioner affirmed Dr. Krop's conclusion that he was able to discuss the case with his attorney, to understand the facts of the case, and to respond appropriately in the courtroom. Petitioner understood the roles of his counsel and the court. Petitioner understood that by pleading guilty to a lesser-included offense he was avoiding "a very good likelihood" of a life sentence and accepting a 20-year sentence. Petitioner agreed that he understood the benefit of the plea deal, and that he was accepting responsibility for what he had done. Petitioner stated that he was satisfied with his counsel's representation and that counsel had secured a very favorable resolution to the case. He understood that he could be civil committed for treatment following the end of his prison sentence. *Id.* at 65-72.

For the factual basis, the State proffered that on or about July 1, 2018, the child victim went to use the bathroom and Petitioner accompanied him. The child's mother went in the bathroom to see what was happening and found Petitioner "standing in front of the child with an

erect penis exposed near the child's mouth. The defendant intended to use his penis to penetrate the child's mouth. At that time, the child was under the age of 12, but for purposes of this plea, the defendant did not complete the act because he was prevented from doing so." *Id.* at 70-71. When asked whether he disputed the facts as presented by the State, Petitioner responded "no". *Id.* at 72.

The court concluded by accepting the plea "as freely and voluntarily entered into. There's an adequate factual basis for the plea. [The] Court finds indeed it's a favorable, extremely favorable, resolution for the defendant, and it indeed is . . . . in your best interest." Petitioner affirmed that he wanted to accept the resolution of his case. *Id.* The court adjudicated Petitioner guilty and imposed the agreed-upon sentence. *Id.* at 75. Petitioner did not appeal.

On October 31, 2019, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. The grounds alleged were: (1) "there was no evidence against me"; (2) "I haven't been in trouble at all in my life," "I did not know what was going on in court," and his counsel and the State did not adequately consider his mental condition; and (3) "Defendant requires specialized treatment for a mental disorder." ECF No. 6-1 at 81-89.

The court found that Plaintiff's first and third grounds were procedurally barred because they could have been raised on direct appeal and were not cognizable on collateral review. With respect to Ground 2, the court found that Petitioner's allegations regarding his competency were conclusional and he failed to sufficiently allege an ineffective-assistance claim concerning his competency. The court dismissed the motion without prejudice to Petitioner filing a facially sufficient motion with sixty days. *Id.* at 94-96. Petitioner did not do so, nor did he appeal the summary dismissal.

On June 15, 2020, Petitioner filed a second Rule 3.850 motion, asserting the following claims: (1) Petitioner did not have a criminal background, had never been arrested, and the victim's mother did not see the charged offense; (2) It was never proven in court that Petitioner committed the crime; (3) There was no evidence in the record to support sending Petitioner to prison, and Petitioner's counsel "frightened" him into pleading guilty; and (4) He should not be in prison because he did not break the law and had never been arrested. *Id.* at 22-31.

On June 23, 2020, the state court summarily denied the motion. The court found that Petitioner's first, second, and fourth claims were procedurally barred because they could have been raised on direct appeal and were not cognizable on collateral review. *Id.* at 36-37. The court

rejected the ineffective-assistance claim asserted in ground three on the merits because Petitioner had affirmed under oath during his plea colloquy that he was satisfied with his counsel's advice and representation. *Id.* at 37. Petitioner appealed, and the First DCA affirmed the dismissal *per curiam* without a written opinion. *Id.* at 98-99.

On July 23, 2020, Petitioner filed a petition for a writ of habeas corpus in the First DCA alleging ineffective assistance of counsel in connection with his competency. Petitioner asserted that his trial counsel failed to investigate his competency to proceed and failed to move for a competency hearing, and that counsel failed to have his sanity at the time of the offense evaluated. *Id.* at 103-16. The First DCA transferred the motion to the trial court for consideration as a motion pursuant to Fla. R. Crim. P. 3.850. *Id.* at 134.

The trial court found that the motion was procedurally defective because it did not contain the oath required by the State rule, and alternatively denied Petitioner's ineffective-assistance claims on the merits. The court observed that counsel did have Petitioner's competency evaluated and he was found competent to proceed, and that Petitioner had pointed to no evidence that he had ever been adjudged insane or that he was insane at the time of the offense. *Id.* at 136-40. Petitioner did not appeal.

The instant federal petition followed. Respondent does not contest the timeliness of the Petition. Petitioner's grounds for relief are scanty, but in summary he contends that he had no prior arrest record, that he was falsely accused, and that there was no evidence to support his conviction. *See* ECF No. 1.[2]

## II. Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

---

[2] Petitioner's specific claims are: (1) He has never been arrested, was falsely accused, and "never [touched] the young boy"; (2) "[N]ever been arrested[,] accused of something I did not do, no witness, no evidence"; (3) "I explained there was no evidence to convict me"; and (4) "no evidence to find me guilty". ECF No. 1.

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered.  *Id*. at 1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).  To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III.  Discussion

Petitioner did not appeal his conviction and sentence, and of his three postconviction proceedings only one was appealed to the First DCA – the denial of his June 15, 2020, Rule 3.850 motion.  Thus, unless that proceeding served to exhaust the claims raised in his pending federal

habeas petition, he is not entitled to federal relief because the Petition is unexhausted.

Petitioner's June 15, 2020, Rule 3.850 motion asserted what amounts to three sufficiency-of-the-evidence claims and one ineffective-assistance claim, as the state court found.  *See* ECF No. 6-1 at 22-31, 35-38.  In the habeas petition before this Court, Petitioner asserts claims that the evidence was insufficient to convict him and that he was falsely accused. *See* ECF No. 1.  However, even liberally construing the Petition he does not assert any ineffective-assistance claims.  The state court rejected his evidence-sufficiency claims as unexhausted and procedurally defaulted because Petitioner did not raise those claims in the trial court or on appeal, and they were foreclosed from collateral review.  ECF No. 6-1 at 36-37. On this record, this Court must likewise conclude that the claims in the Petition are unexhausted and procedurally defaulted because a return to state court with such claims would be futile.  *See Hittson v. GDCP Warden,* 759 F.3d 1210, 1260 n.56 (11th Cir. 2014) ("Where a return to state court would be futile—because the petitioner's claims would clearly be barred by state procedural rules—a federal court can 'forego the needless 'judicial ping-pong'' and treat unexhausted claims as procedurally defaulted.") (quoting *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir.1998)); *see also Parker v. Dugger*, 876 F.2d 1470 (11th Cir.1989) (where dismissal of federal

petition to allow exhaustion of unexhausted claims would be futile due to a state procedural bar, claims are considered procedurally barred in federal court.). Petitioner makes no showing of cause and prejudice sufficient to overcome the procedural default, nor would the record support a conclusion that his guilty-plea conviction amounts to a fundamental miscarriage of justice. Petitioner's self-serving claim that he was "falsely accused" has no support in the record.

Even if Petitioner's claims had been exhausted in state court, he asserts no cognizable basis for federal habeas corpus relief in the context of his guilty plea. The Supreme Court has limited the circumstances under which a guilty plea or its equivalent may be attacked on collateral review. *See, e.g., Bousley v. United States*, 523 U.S. 614, 621 (1998). A voluntary and intelligent plea by a person advised by competent counsel may not be collaterally attacked, and "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Id*. A plea is voluntary in a constitutional sense "unless induced by threats . . . misrepresentations . . . or perhaps by promises that are by their nature having no proper relationship to the prosecutor's business." *Id*. at 619 (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)). A plea is considered intelligently made if the accused is reasonably informed of the true nature of the charge. *Henderson v. Morgan*, 426 U.S. 637, 645 (1976).

"A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady*, 397 U.S. at 757 (1970).

The U.S. Supreme Court has further explained:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*United States v. Broce*, 488 U.S. 563, 569 (1989); *see also Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."), *disapproved of in part on other grounds, Puckett v. United States*, 556 U.S. 129, 138 n.1 (2009).

"[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

When, at a plea colloquy, the presiding judge correctly advises a defendant about the consequences of pleading guilty, the judge's advice cures any contrary advice by counsel. *See, e.g., United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) (holding that an erroneous prediction by counsel is not ineffective assistance where an adequate plea hearing was conducted and written plea agreement accurately stated the potential sentence); *United States v. Wilson*, 245 Fed.Appx. 10, 12 (11th Cir. 2007); *Gordon v. United States*, Nos. 3:12cr1265–J–34JRK, 3:10cr130–J–34JRK, 2015 WL 413102, at *10 (M.D. Fla. Jan. 30, 2015).

In view of Petitioner's *pro se* status, this Court has examined the state court record of his plea proceeding. There is nothing in the record that suggests Petitioner's plea was other than knowing, voluntary, and counseled. Petitioner acknowledged that he understood the charges and the potential penalty, and affirmed that he had not been promised anything in exchange for his plea other than what was set forth in the plea petition. He admitted that he understood he was charged with an attempted sexual assault on a child, that he understood the facts of the case and that the victim had given testimony about the offense, that he knew the act was wrong, and that he understood that the State was prepared to move forward with a complaint involving a second victim which could have subjected him to three life sentences. Petitioner admitted that the evidence

against him was compelling, and that he had discussed the evidence with his attorney. When Petitioner raised an issue about his competency, the court inquired about the competency evaluation and Petitioner affirmed Dr. Krop's conclusions regarding his ability to understand the charges, confer with his attorney, and participate in his case. Petitioner agreed that he understood the benefit of the plea deal, and that he was accepting responsibility for what he had done. Petitioner stated that he was satisfied with his counsel's representation and agreed that counsel had secured a very favorable resolution to the case. *See* ECF No. 6-1 at 54-76.

Thus, the record amply supports the state court's conclusion that Petitioner's plea was made freely, voluntarily, and was supported by an adequate factual basis. The state court's findings as to the validity of the plea must be presumed to be correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C § 2254(e)(1). Petitioner points to no evidence that would call into question the validity of his plea.

Accordingly, the Court concludes that the Petition is due to be dismissed as unexhausted and procedurally defaulted, and that Petitioner's claims in any event are not cognizable on federal habeas review in light of the record of his plea proceedings. *See* 28 U.S.C. § 2254(b)(2) (federal habeas petition may be denied on the merits notwithstanding failure to

exhaust state-court remedies).

## IV. **Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V. **Conclusion**

For the foregoing reasons, it is respectfully **RECOMMENDED** that: (1) the Motion to Dismiss, ECF No. 6, should be **GRANTED,** (2) the

Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DISMISSED,** and (3) a COA should be **DENIED.**

**IN CHAMBERS** this 3rd day of June 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.